[ECF No. 8]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANDREA LAWRENCE,<br><br>                **Plaintiff,**<br><br>   v.<br><br>BANK OF AMERICA CORPORATION et al.,<br><br>                **Defendants.** | Civil No. 22-2829 (RMB/SAK) |

**OPINION AND ORDER**

      This matter is before the Court upon the unopposed Motion to Seal [ECF No. 8] filed by Plaintiff Andrea Lawrence.  Plaintiff seeks an Order sealing the Settlement Agreement and General Release attached to the Complaint as Exhibit A [ECF No. 1-1].  Plaintiff's motion is supported by the Declaration of Dana L. Tarquini, Esquire [ECF No. 8-2] and an Index [ECF No. 8-4].  The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1.  For the reasons to be discussed, Plaintiff's motion is **DENIED**.

**I.**     **BACKGROUND**

      Plaintiff is seeking enforcement of the settlement agreement from a prior dispute with certain mortgage lenders. *See* Compl. ¶ 31.  Plaintiff filed her initial complaint, with the settlement agreement attached as Exhibit A, in the Superior Court of New Jersey, Burlington County on March 3, 2022.  The settlement agreement is publicly available on that docket.  Defendants Bank of America Corporation, Bank of America, N.A. and Specialized Loan Servicing, LLC

(collectively, "Defendants") removed the case to federal court.  A confidentiality clause in the settlement agreement provides:

> Lawrence agrees to keep confidential, and not to disclose to any third parties, the existence of this Agreement, the negotiations leading up to this Agreement and/or the underlying facts and circumstances related to the claims alleged in the Action, with the following exceptions, as necessary: (1) to Lawrence's accountants and legal advisors; (2) to comply with applicable law; and (3) in connection with a legal proceeding to enforce this Agreement.

Ex. A ¶ 11 [ECF No. 1-1].  Plaintiff asserts that the settlement agreement contains references, and/or reflects highly sensitive information that the signing parties deemed confidential outside a limited set of circumstances.  *See* Tarquini Decl. ¶ 5.  Plaintiff alleges that if the settlement agreement is not sealed, she would suffer significant harm.  She alleges that the unsealed document "jeopardizes her ability to seek and obtain mortgages, loans, or other forms of credit without fear that the information in the [settlement agreement] would become public." Index at 1.

**II**.   **DISCUSSION**

In this District, motions to seal are governed by Local Civil Rule 5.3, which requires the moving party to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.  *See* L. Civ. R. 5.3(c)(3).  In particular, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," will not establish good cause. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted).  Moreover, "a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." *In re: Benicar (Olmesarten) Prods. Liab. Litig.*, No. 15-2606, 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

Here, Plaintiff fails to establish good cause (1) to warrant sealing under Local Civil Rule 5.3, or (2) to overcome the presumptive right of access to judicial records. Plaintiff failed to satisfy the requirements of Local Civil Rule 5.3(c)(3)(b) and (c). Plaintiff suggests that the confidentiality clause of the settlement agreement creates a legitimate privacy interest. However, this confidentiality designation does not automatically satisfy the sealing requirements of Local Civil Rule 5.3. *See In re: Benicar (Olmesarten)*, 2016 WL 266353, at *3. Furthermore, the settlement agreement at issue specifically exempts disclosure "in connection with a legal proceeding to enforce [the] Agreement." Ex. A ¶ 11. Plaintiff further asserts she would suffer serious injury if the document were not sealed, as her ability to seek and obtain mortgages, loans, or other forms of credit would be jeopardized. This broad claim of injury falls short of Plaintiff's requirement to articulate a "clearly defined and serious injury," and thus fails to establish good cause. *See Pansy*, 23 F.3d at 786. Additionally, even if Plaintiff's assertion constituted a "clearly defined and serious injury," sealing the document will not cure the injury. Plaintiff filed the settlement agreement on the public docket in the Superior Court of New Jersey, where the document remains publicly available.

Good cause also does not exist to overcome the presumptive right of access to judicial records. It is well settled that there is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Whether or not a document is subject to the right of access "turns on whether that item is considered to be a 'judicial record.'" *Id.* (citing *Pansy*, 23 F.3d at 781). "[D]ocuments which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987). A settlement document can become a judicial record

subject to a presumptive right of access under two circumstances: "(1) when a settlement is filed with a district court;" and "(2) when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (citation omitted); *see, e.g., Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986). This right of access is not absolute, however, and must be balanced against countervailing interests in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (citation omitted); *see also In re Cendant Corp.*, 260 F.3d at 194 (noting that "[t]he presumption of public access may be rebutted"). To overcome the presumption, a party must demonstrate the existence of "good cause" to protect the material at issue. *See Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy*, 23 F.3d at 786). Here, the settlement agreement is a judicial record. It was filed with the court for purposes of having the agreement enforced. *See* Compl. ¶¶ 14, 31. As discussed above, Plaintiff failed to articulate a clearly defined serious injury and thus failed to establish good cause. She therefore has not rebutted the presumption of access to her settlement agreement.

### III. CONCLUSION

Accordingly, for the foregoing reasons

**IT IS HEREBY ORDERED** this **13th** day of **October, 2022**, that Plaintiff's Motion to Seal [ECF No. 8] is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall unseal ECF No. 1-1 in its entirety.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.